[Cite as *State v. Brunning*, 2011-Ohio-1936.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 95376

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LINDELL W. BRUNNING, JR.

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART;
## REVERSED AND VACATED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-532770 and CR-532822

**BEFORE:** S. Gallagher, J., Kilbane, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 21, 2011

**ATTORNEY FOR APPELLANT**

Richard A. Neff
614 W. Superior Avenue
Suite 1310
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

{¶ 1}   Appellant Lindell Brunning ("Brunning") appeals his conviction and sentence, after pleading guilty, in Cuyahoga County Common Pleas Court Case   Nos. CR-532770 and CR-532822.   For the following reasons, we reverse Brunning's conviction and vacate his sentence in CR-532770, and affirm the trial court's judgment in CR-532822.

**{¶ 2}** On December 23, 1983, Brunning was convicted of rape. He was released on November 7, 2008, after serving a 25-year sentence. Brunning had a duty to register pursuant to Megan's Law. The Ohio Attorney General reclassified him as a Tier III sex offender according to Ohio's Adam Walsh Act ("AWA"). The state then indicted Brunning in two separate cases. The state advanced three counts in CR-532770: Brunning failed to verify his current address with the sheriff in violation of R.C. 2950.06(F); failed to notify the sheriff of a change of address in violation of R.C. 2950.05(E)(1)[1]; and tampered with records in violation of R.C. 2913.42(A), based on the allegation that he falsified documents in connection with the first two counts. The first two counts are felonies of the second degree, and the last is a felony of the third degree. Brunning pleaded guilty to all three counts.

**{¶ 3}** In CR-532822, the state advanced 18 separate felony counts. Brunning pleaded guilty to Counts 4, 12, and 18 of the indictment. The state dismissed all other counts. Count 4 was an unlawful sexual conduct with a minor charge with the offender being ten years or older than the victim. Counts 12 and 18 were two sexual battery charges. All three counts were based on three separate incidents against the same victim, occurring sometime between June and September 2009. As part of the plea deal, the state amended the three counts by removing the sexually violent predator specifications.

---

[1] The indictment lists the violation pursuant to R.C. 2950.05(E)(1) rather than R.C. 2950.05(F)(1). The version of that section in effect at the time of the indictment was R.C. 2950.05(F)(1). The language of the provisions did not change.

{¶ 4} Brunning pleaded guilty to the three counts in CR-532770. He received the maximum prison sentence of eight years on each of the first two counts for reporting violations and five years on the tampering with evidence charge despite the prosecutor and the trial court agreeing during the plea colloquy that all three reporting offenses should merge for purposes of sentencing. The trial court ordered those sentences to be served consecutively to each other. With the merger, the resulting sentence on CR-532770 should have been eight years. Brunning also pleaded guilty to the three counts in CR-532822. He received the maximum sentence of five years each, to be served consecutively with each other, having been made no promises during the plea colloquy as to the sentence on that case. Brunning received an aggregate sentence of 36 years.

{¶ 5} Brunning raises three assignments of error relating to both cases. The first two assignments of error deal with CR-532770 and will be addressed in reverse order.

{¶ 6} The second assignment of error is as follows: "Appellant's conviction in case 10-CR-532770 must be vacated because the law on which it is based, Ohio's Adam Walsh Act, is unconstitutional as applied to appellant." We find that Brunning's second assignment of error has merit.

{¶ 7} The crux of the charges against Brunning in CR-532770 was that he failed to verify and notify the sheriff of a change in his primary address. As part of those charges, the state claimed Brunning falsified documents by providing the sheriff with a wrong address.

All occurred on August 3, 2009. Brunning was reclassified as a Tier III offender after the AWA became effective. He had previously been adjudicated under Megan's Law and had a duty to register from the 1983 conviction.

{¶ 8} The Supreme Court held that the reclassification under the AWA was unconstitutional if offenders had a duty to report from a prior court order under Megan's Law. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 22. Further, any reporting violation based on an AWA registration requirement that is inapplicable to the defendant is unlawful. *State v. Gingell*, Slip Opinion No. 2011-Ohio-1481 (reversing defendant's conviction for failing to verify residency under the heightened AWA standards based on *Bodyke*).

{¶ 9} Likewise, in *State v. Page*, Cuyahoga App. No. 94369, 2011-Ohio-83, this court presciently held that the reclassification cannot serve as the basis for reporting violations if an offender had a duty to register under Megan's Law from a prior order of a court. Id. at ¶ 11. The majority noted that *Bodyke* does not create "a fictitious distinction between an unlawful reclassification 'that imposes a more onerous verification requirement' and a reclassification that does not impose heightened verification requirements. *Bodyke* deemed reclassifications under the AWA unlawful, the only condition being that the offender has 'already been classified by court order under former law.'" Id. at ¶10, fn. 1.

{¶ 10} This distinction is important. Once offenders already under the obligation to report pursuant to Megan's Law were reclassified pursuant to R.C. 2950.031 and 2950.032, their duties to report were derived from the AWA. The violations for an offender's failure to verify or notify of a change of address pursuant to R.C. 2950.06(F) and R.C. 2950.05(E)(1), or any tampering with evidence charge for falsifying documents stemming from the reporting violation, were based on the duty to register and verify unlawfully imposed upon those already subject to reporting requirements through prior court order.

{¶ 11} In the instant case, we first note that neither the trial court nor Brunning had the benefit of the *Bodyke* decision during the pendency of the trial court's proceedings. Brunning's reclassification under the AWA is contrary to the law. Brunning's conviction arising from reporting violations under the AWA is therefore also contrary to law. *Gingell*, 2011-Ohio-1481; see, also, *State v. Smith*, Cuyahoga App. No. 92550, 2010-Ohio-2880, ¶ 29; *State v. Patterson*, Cuyahoga App. No. 93096, 2010-Ohio-3715; *State v. Jones*, Cuyahoga App. No. 93822, 2010-Ohio-5004.

{¶ 12} The state argues that Brunning pleaded guilty and thereby waived any right to challenge his conviction based on the unconstitutionality of the law upon which it was based. The state cites to *State v. Hayden*, Cuyahoga App. No. 90474, 2008-Ohio-6279, at ¶ 6, for the proposition that a defendant cannot claim the indictment is insufficient after pleading guilty. While this is a correct statement of law, Brunning is not arguing that the indictment is

merely defective. Crim.R. 12(C)(2) provides that defenses and objections based on defects in the indictment shall be raised prior to trial. However, the rule also provides two exceptions: (1) when the indictment fails to show jurisdiction in the court, and (2) when the indictment fails to charge an offense. Crim.R. 12(C)(2). In this case, the basis of the indictment was found to be unconstitutional, and therefore the indictment failed to charge an offense against Brunning. The law cited by the state is inapplicable to the current appeal.

{¶ 13} Because of the foregoing analysis, we reverse Brunning's conviction in CR-532770. Brunning's conviction was predicated upon the reporting requirements held to be unconstitutional as applied to him. We vacate his sentence, and note that Brunning is subject to the reporting requirements established under Megan's Law.

{¶ 14} Brunning's first assignment of error is as follows: "(a) The defendant-appellant's guilty plea was not knowingly and voluntarily entered into since it was conditioned on false promises made by the State and the trial court. (b) The trial court erred when it failed to merge the offenses in case 10-CR-532770 for sentencing." Because of our resolution of Brunning's second assignment of error, the first assignment of error is moot and we need not address the issues raised. See App.R. 12(A)(1)(c).

{¶ 15} Brunning's third assignment of error is as follows: "The sentence imposed by the court is inconsistent with the principles and purpose of sentencing under the Ohio Revised Code and therefore is contrary to law." Having vacated Brunning's conviction under

CR-532770, we will address this assignment of error based on the 15-year aggregate sentence Brunning received in CR-532822. Contrary to the state's argument, we do not agree that this argument is moot because Brunning's total sentence was reduced through the disposition of the first two assignments of error. Brunning argues that the trial court failed to properly consider the factors contained in R.C. 2929.11 through 2929.14 and rendered a sentence that is inconsistent with sentences of similar offenders. Brunning's third assignment of error is not well taken.

{¶ 16} This court has already recognized that we review felony sentences using the *Kalish* framework.[2] *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. In *Kalish*, the Ohio Supreme Court applied a two-prong approach to appellate review of felony sentences. We must ensure that the sentencing courts complied with all applicable rules and statutes in imposing a sentence to determine whether the sentence is clearly and convincingly contrary to law. Id. at 25. If the first prong is satisfied, we then review the trial court's decision under an abuse-of-discretion standard. Id.

---

[2]In this district, there have been discussions on whether *Kalish* is binding precedent or merely persuasive because it was a plurality opinion. See, e.g., *State v. Wuff*, Cuyahoga App. No. 94087, 2011-Ohio-700 (recognizing that *Kalish* is a plurality decision and has no binding precedent); cf., *State v. Walker*, Cuyahoga App. No. 94490, 2011-Ohio-456 (citing to *Kalish* without limitation). Whether *Kalish* is persuasive or binding is no longer relevant in this district. This court has applied, and therefore adopted, the Ohio Supreme Court's two-pronged approach to reviewing felony sentences in all cases.

{¶ 17} We first must review whether the sentence is contrary to law pursuant to R.C. 2953.08(G). "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." (Internal quotations omitted.) Id. at ¶ 11; citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100. Although *Foster* eliminated mandatory judicial fact-finding, it did not invalidate R.C. 2929.11 and 2929.12. *Kalish* at ¶ 13. Therefore, the trial court must consider those statutes in determining an appropriate sentence within the permissible statutory ranges. Id.

{¶ 18} In the current case, we do not find Brunning's sentence contrary to law. The trial court sentenced him to the maximum consecutive sentences possible within the statutory range for his convictions. Brunning pleaded guilty to three third-degree felony counts, all of which are punishable by prison for a term between one to five years. Moreover, the trial court acknowledged in the sentencing entry that it considered all factors of law and found that the prison term was consistent with the purposes of R.C. 2929.11. Brunning's sentence is not clearly and convincingly contrary to law.

{¶ 19} We next must consider whether the trial court abused its discretion. The term "abuse of discretion" means "an unreasonable, arbitrary, or unconscionable action." *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 47, 2009-Ohio-4149, 914 N.E.2d 159. It is "a discretion exercised to an end or purpose not justified by, and clearly against reason and

evidence. The term has been defined as a view or action that no conscientious judge, acting intelligently, could honestly have taken." (Citations and quotations omitted.) *State v. Hancock*, 108 Ohio St.3d 57, 77, 2006-Ohio-160, 840 N.E.2d 1032.

{¶ 20} Under current Ohio law, a trial court "now has the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently." *State v. Elmore*, 122 Ohio St.3d 472, 480, 2009-Ohio-3478, 912 N.E.2d 582; *State v. Bates*, 118 Ohio St.3d 174, 178, 2008-Ohio-1983, 887 N.E.2d 328. Although trial courts have this discretion, the trial court must still consider the purposes of the felony sentencing statutes set forth in R.C. 2929.11 and 2929.12, which provide factors to consider relating to the seriousness of the offense and recidivism of the offender. See *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; *State v. Mathis*, 109 Ohio St.3d 54, 62, 2006-Ohio-855, 846 N.E.2d 1.

{¶ 21} Brunning argues the trial court abused its discretion by imposing the maximum sentences to be served consecutively when offenders in similar situations received lesser prison terms. See *State v. Omiecinski*, Cuyahoga App. No. 90510, 2009-Ohio-1066 (sentencing defendant to an aggregate sentence of four years on three counts of sexual battery without describing the facts underlying the charges or whether the defendant was a repeat offender); *State v. Felton*, Cuyahoga App. No. 92295, 2010-Ohio-4105 (sentencing the defendant with a community control sanction for one count of sexual battery based on a single

incident); *State v. Fortson*, Cuyahoga App. No. 92337, 2010-Ohio-2337 (sentencing the defendant, a corrections officer, to an aggregate seven-year sentence on three counts of rape, three counts of sexual battery, and three counts of gross sexual imposition against six inmates).

{¶ 22} The trial court considered all the factors required under Ohio law and discussed the seriousness of the offense. The court was particularly troubled with the fact that Brunning's 25-year sentence for raping a child under the age of 13 did not deter him from recommitting a similar offense against another minor. The trial court further reviewed the presentence investigation report; heard arguments from counsel, including a review of mitigating factors; heard from Judith Huggins, who spoke on Brunning's behalf; and considered Brunning's remorse. In reviewing the record, we find that the trial court considered the statutory factors and did not abuse its discretion in imposing the maximum sentences to be served consecutively for an aggregate sentence of 15 years. We therefore overrule Brunning's third assignment of error.

{¶ 23} We vacate Brunning's sentence and reverse his conviction in CR-532770 and affirm the trial court's judgment in CR-532822.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR