[Cite as *State v. Campbell*, 2011-Ohio-2281.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   95348

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTONIO CAMPBELL

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-530326

**BEFORE:**   Boyle, P.J., Sweeney, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   May 12, 2011

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Road, #335
Rocky River, Ohio   44116

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Kristin Karkutt
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Antonio Campbell, appeals his conviction for failure to register as a sex offender with a furthermore specification that he had previously been convicted of failure to register. He raises three assignments of error challenging his conviction. Campbell's arguments, however, are moot because we reverse and vacate his conviction and sentence for other reasons.

{¶ 2}  In 2004, in Case No. CR-449346, Campbell was convicted of sexual battery, a third-degree felony, in violation of R.C. 2907.03(A)(2).  He was labeled a sexual predator under the 2003 amendments to Megan's Law set forth in S.B. 5 (effective July 31, 2003).

{¶ 3}  In 2005, in Case No. CR-466775, Campbell was convicted of failure to register, in violation of R.C. 2950.04, a third-degree felony.

{¶ 4}  Campbell was subsequently reclassified by the Ohio Attorney General as a Tier III offender pursuant to the Adam Walsh Act ("AWA"), which became effective in January 2008.

{¶ 5}  In October 2009, in the case that is at issue in this appeal, the grand jury indicted Campbell on two counts for events that allegedly occurred in September 2009: Count 1, failure to register, in violation of R.C. 2950.04(E), with a furthermore clause that he had previously been convicted of failure to register in 2005; and Count 2, tampering with records, in violation of R.C. 2913.42(A).  A jury found Campbell guilty of failure to register, with the furthermore clause, but not guilty of tampering with records.  In April 2010, the trial court sentenced him to four years in prison.

{¶ 6}  In June 2010, in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the Ohio Supreme Court held that R.C. 2950.031 and 2950.032, which required the attorney general to reclassify sex offenders whose classifications had already been adjudicated by a court and made the subject of a final order, violated the separation-of-powers

doctrine by requiring the attorney general to open final judgments. The Court reaffirmed the principle that the authority to review, affirm, modify, or reverse trial courts' judgments is strictly limited to appellate courts under the Ohio Constitution. Therefore, R.C. 2950.031 and 2950.032 "may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." *Bodyke* at ¶66.

{¶ 7} Thus, after *Bodyke*, Campbell's sexual predator classification was reinstated.

{¶ 8} Since *Bodyke*, this court has repeatedly reversed convictions for failure to register as a sex offender based on a violation of the sex offender registration and notification requirements under the AWA, when the defendant was initially classified under Megan's Law. In *State v. Smith*, 8th Dist. No. 92550, 2010-Ohio-2880, ¶29, this court held that because the reclassification under the AWA was unlawful, "it cannot serve as the predicate for the crime for which [the defendant] was indicted and convicted." See, also, *State v. Patterson*, 8th Dist. No. 93096, 2010-Ohio-3715; *State v. Jones*, 8th Dist. No. 93822, 2010-Ohio-5004; and most recently, *State v. Page*, 8th Dist. No. 94369, 2011-Ohio-83.

{¶ 9} Since our holdings in *Patterson*, *Jones*, and *Page*, the Ohio Supreme Court decided *State v. Gingell*, Slip Opinion No. 2011-Ohio-1481. In *Gingell*, the Supreme Court held that an offender who was originally classified under Megan's Law could not be convicted of violating the registration requirements of the AWA. Id. at ¶8. The Supreme Court

explained:

{¶ 10} "[P]ursuant to *Bodyke*, Gingell's original classification under Megan's Law and the associated community-notification and registration order were reinstated. Therefore, the current version of R.C. 2950.06, which requires Tier III sexual offenders to register every 90 days, does not apply to Gingell. Since Gingell was charged after his reclassification and before *Bodyke*, there is no doubt that he was indicted for a first-degree felony for a violation of the reporting requirements under the AWA. Since the application of the AWA was based upon an unlawful reclassification, we reverse the judgment of the court of appeals and vacate Gingell's conviction for a violation of the 90-day address-verification requirement of R.C. 2950.06. Gingell remained accountable for the yearly reporting requirement under Megan's Law; whether he met that requirement is not a part of this case."

{¶ 11} The issue in *Gingell*, however, does not directly answer the question presented in this case. Gingell was originally classified as a sexually oriented offender under Megan's Law. "To comply with Megan's Law, Gingell had to verify his address once each year for ten years. Former R.C. 2950.06(B)(2) and 2950.07(B). Under former R.C. 2950.99, Gingell's failure to properly register as a sexually oriented offender would have been a fifth-degree felony." Id. at ¶1.

{¶ 12} But "pursuant to the AWA, specifically R.C. 2950.031 and 2950.032, Gingell was reclassified by the attorney general as a Tier III sexual offender. R.C. 2950.06(B)(3)

requires a Tier III offender to verify his address every 90 days for the rest of his life. Pursuant to R.C. 2950.99(A)(1)(a), the failure to verify an address is the same degree offense as the underlying sexual offense. In Gingell's case, that meant that a failure to verify his address would be a first-degree felony." Id. at ¶2.

{¶ 13} Here, unlike Gingell, Campbell was labeled a sexual predator under Megan's Law, and was required to register every 90 days for life, just as he would have been required to do as a Tier III offender under the AWA. Further, unlike Gingell, Campbell's level of felony did not increase for a repeat offense for failing to register. In Campbell's case, he would have been charged with a third-degree felony for having a prior conviction under Megan's Law or the AWA. See R.C. 2950.99 (current and former versions). The difference is that the AWA enhanced the penalty Campbell could have received for having a prior conviction of failure to register — from the possibility of community control sanctions under Megan's Law (for a third-degree felony) to a mandatory prison term of three years. R.C. 2950.99(A)(2)(b).

{¶ 14} Nonetheless, this court has addressed this exact issue in *Page*. Indeed, the facts here are identical to *Page*. Thus, until the Ohio Supreme Court rules otherwise, we are constrained to adhere to our decision in *Page*.[1]

---

[1] On February 24, 2011, the state appealed this court's decision in *Page* to the Ohio Supreme Court. See Ohio Supreme Court Case No. 2011-0305. It proposed two propositions of law:

**{¶ 15}** Accordingly, we reverse Campbell's conviction and vacate his sentence.

Judgment reversed, sentence vacated, and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR

---

"[1.] *State v. Bodyke* does not require vacation of convictions where the conduct of the sex offender, classified under Megan's Law, would have been a violation under both Megan's Law and the Adam Walsh Act.

"[2.] The application of R.C. 2950.99, Am.Sub.S.B. 97 to sex offenders previously classified under Megan's Law is constitutionally valid."

To date, the Ohio Supreme Court has not indicated whether it will accept *Page* for discretionary review.