[Cite as *State v. Ogletree*, 2011-Ohio-5846.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96438**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD OGLETREE

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535185

**BEFORE:** Keough, J., Blackmon, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** November 10, 2011

**ATTORNEY FOR APPELLANT**

Gayl M. Berger
24100 Chagrin Blvd., #330
Cleveland, OH 44122

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
James M. Rice
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  Defendant-appellant, Richard Ogletree, appeals his convictions for failure to notify the sheriff of a change of address and tampering with records.  For the reasons that follow, we reverse the trial court's judgment and remand with instructions to enter an order vacating Ogletree's convictions and sentence.

I

**{¶ 2}** In 1983, Ogletree was convicted of rape in Case No. CR-181061. Upon his release from prison, he was classified as a sexually oriented offender under Megan's Law and began reporting. As a sexually oriented offender under Megan's Law, Ogeltree was required to register once a year for ten years and was not subject to community notification.

**{¶ 3}** Ogletree was subsequently reclassified by the Ohio attorney general as a Tier III sex offender under the Adam Walsh Act ("AWA"), which became effective in January 2008. As a result of the new classification, Ogletree was required to verify his address every 90 days for the rest of his life, and was subject to community notification requirements, as well as restrictions on where he could lawfully reside.

**{¶ 4}** In 2008, Ogletree and two other defendants filed petitions under R.C. 2950.031 and 2950.032, challenging their reclassifications and the application of the AWA. In June 2010, while the petitions were pending, the Ohio Supreme Court issued its decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, in which it held that the provisions of the AWA that required the attorney general to reclassify sex offenders whose classifications had already been made the subject of a final order were unconstitutional because they violated the separation-of-powers doctrine. Id. at ¶2. As a remedy, the Ohio Supreme Court severed the offending provisions of the AWA and reinstated the previously imposed judicial classifications of sex offenders and corresponding community-notification and registration requirements. Id. Thereafter, the trial court granted Ogletree's petition pursuant to *Bodyke*, and entered an order

restoring him to his previous status as a sexually oriented offender under Megan's Law, with corresponding registration requirements.[1]

{¶ 5} In March 2010, before the *Bodyke* decision was announced and before the trial court had reinstated his prior classification, Ogletree was indicted under the AWA for (1) failing to verify his address with the sheriff in violation of R.C. 2950.05(F), (2) failing to notify the sheriff of a change of address in violation of R.C. 2950.05(E)(1), and (3) tampering with records in violation of R.C. 2913.42(A), based on an allegation that he falsified documents by providing the sheriff with a false address. The failing-to-verify and failing-to-notify charges both contained a furthermore specification that Ogletree had previously committed the same crime. The offenses allegedly occurred on January 10, 2010.

{¶ 6} The trial court subsequently denied Ogletree's motion to dismiss the indictment. After a bench trial, the trial court found Ogletree not guilty of the failing-to-verify charge, but guilty of failing to notify the sheriff of a change of address, with the furthermore specification, and tampering with records. The court sentenced him to an aggregate term of three years incarceration. Ogletree now appeals from these convictions and sentence.

II

---

[1] This court recently affirmed the trial court's order in *Sheets v. State*, Cuyahoga App. Nos. 95876, 95877, 95878, 95879, and 95880, 2011-Ohio-4098.

**{¶ 7}** In his first assignment of error, Ogletree argues that the trial court should have dismissed the indictment because the charges were brought under the AWA, which does not apply to him. We agree.

**{¶ 8}** We note at the outset that the trial court did not have the benefit of the *Bodyke* decision during the pendency of its proceedings. Nevertheless, since *Bodyke*, this court has repeatedly reversed convictions for failure to register as a sex offender based on a violation of the sex offender registration and notification requirements under the AWA, when the defendant was initially classified under Megan's Law. *State v. Campbell*, Cuyahoga App. No. 95348, 2011-Ohio-2281, ¶8. We have reasoned that because the reclassification under the AWA was unlawful, "it cannot serve as the predicate for the crime for which [the defendant] was indicted and convicted." *State v. Smith*, Cuyahoga App. No. 92550, 2010-Ohio-2880, ¶29. See, also, *State v. Page*, Cuyahoga App. No. 94369, 2011-Ohio-83; *State v. Brunning*, Cuyahoga App. No. 95376, 2011-Ohio-1936; *State v. Patterson*, Cuyahoga App. No. 93096, 2010-Ohio-3715; *State v. Jones*, Cuyahoga App. No. 93822, 2010-Ohio-5004.

**{¶ 9}** Subsequent to our decisions in *Page*, *Patterson*, and *Jones*, the Ohio Supreme Court decided *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, in which it held that an offender who was originally classified under Megan's Law could not be convicted of violating the registration requirements of the AWA. The Supreme Court explained:

{¶ 10} "[P]ursuant to *Bodyke*, Gingell's original classification under Megan's Law and the associated community-notification and registration order were reinstated. Therefore, the current version of R.C. 2950.06, which requires Tier III sexual offenders to register every 90 days, does not apply to Gingell. Since Gingell was charged after his reclassification and before *Bodyke*, there is no doubt that he was indicted for a first-degree felony for a violation of the reporting requirements under the AWA. Since the application of the AWA was based upon an unlawful reclassification, we reverse the judgment of the court of appeals and vacate Gingell's conviction for a violation of the 90-day address-verification requirement of R.C. 2950.06. Gingell remained accountable for the yearly reporting requirement under Megan's Law; whether he met that requirement is not part of this case." Id. at ¶8.

{¶ 11} Here, Ogletree was originally classified as a sexually oriented offender under Megan's Law. He was then reclassified under the AWA as a Tier III offender and, before *Bodyke* was announced and his original classification reinstated, charged with violating the reporting requirements of the AWA. But because Ogletree was originally classified under Megan's Law, any reporting requirements imposed on him under the AWA were unlawfully imposed and, therefore, cannot form the basis for a reporting violation. Because Ogletree's convictions were predicated upon reporting requirements held to be unconstitutional as applied to him, we vacate his convictions and sentence, and remand to the trial court to enter an order consistent with this opinion.

**{¶ 12}** Appellant's first assignment of error is sustained.   In light of our resolution of the first assignment of error, appellant's other assignments of error are moot and we need not consider them.   See App.R. 12(A)(1)(c).

Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

PATRICIA A. BLACKMON, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR