[Cite as *State v. Brunning*, 2013-Ohio-365.]

[Vacated opinion. Please see 2013-Ohio-930.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95376**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LINDELL W. BRUNNING, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART,
REVERSED IN PART, REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-532822 and CR-532770

**BEFORE:** S. Gallagher, J., Kilbane, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 7, 2013

**ATTORNEY FOR APPELLANT**

Richard A. Neff
614 W. Superior Avenue
The Rockefeller Building
Suite 1300
Cleveland, OH   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: T. Allan Regas
        Daniel T. Van
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} This cause is before us on remand from the Ohio Supreme Court for further review of our decision released April 21, 2011,[1] in view of the Court's recent decision in *State v. Brunning*, Slip Opinion No. 2012-Ohio-5752. The Ohio Supreme Court, having partially reversed our judgment in this case, has remanded it to us with instructions to consider issues that were previously rendered moot, which included appellant's first assignment of error and challenges to the sentence imposed on him in Cuyahoga C.P. No. CR-532770. For the reasons that follow, we sustain appellant's first assignment of error, find the issue raised regarding his sentence in that case still moot, and reverse and remand CR-532770 to the trial court for further proceedings on Counts 2 and 3.

{¶2} In his first assignment of error, appellant alleged:

(a) The defendant-appellant's guilty plea was not knowingly and voluntarily entered into since it was conditioned on false promises made by the state and the trial court.

(b) The trial court erred when it failed to merge the offenses in case 10-CR-532770 for sentencing.

{¶3} In Cuyahoga C.P. No. CR-532770, appellant was charged with three offenses: (1) failure to verify address (R.C. 2950.06); (2) failure to provide notice of

---

[1] *State v. Brunning,* 8th Dist. No. 95376, 2011-Ohio-1936.

change of address (R.C. 2905.05(E)(1));[2] and (3) tampering with records (R.C. 2913.42).

{¶4} The indictment charged appellant with violations under the version of the law known as the Adam Walsh Act ("AWA"). It is undisputed that appellant is an offender who is not subject to reclassification under the AWA, and the vacation of appellant's conviction for a violation of R.C. 2950.06, as alleged in Count 1 of the indictment, has been affirmed. *Brunning*, 2012-Ohio-5752, ¶ 15. However, the Ohio Supreme Court has determined that appellant can still face charges for a violation of R.C. 2913.42 and he may also face charges for violating R.C. 2950.05 by reverting back to the version of that statutory provision that existed pre-AWA and "the applicable penalty provision for such convictions is that contained in former R.C. 2950.99, as held in * * * *State v. Howard*, ___ Ohio St.3d ___, 2012-Ohio-5738, ___ N.E.2d ___."[3] *Brunning* at ¶ 31. Therefore, although appellant was indicted and pled guilty to a second-degree felony under Count 2, this offense is actually a third-degree felony under the version of the law that is applicable to him. *See* former R.C. 2950.99(A)(1)(a)(i).

---

[2] "The statute was misnumbered in the indictment — it should have read R.C. 2905.05(F)(1)." *State v. Brunning*, Slip Opinion No. 2012-Ohio-5752, ¶ 5.

[3] "[F]or a defendant whose sex-offender classification was determined under Megan's Law, the penalty for a violation of the reporting requirements of former R.C. 2950.05 that occurs after Megan's Law was supplanted by the AWA is the penalty set forth in the version of R.C. 2950.99 in place just before the effective date of the AWA."

{¶5} At the plea hearing, the state indicated that appellant would plead guilty to all three offenses. Additionally, the state further represented that "[f]or purposes of this plea agreement, the state will agree that all of those counts would merge for sentencing purposes." During the plea colloquy, the trial court advised appellant as follows:

> THE COURT: Now, the prosecutor put on the record, and *the state and the defense lawyer agreed*, that these three counts *will all merge* for purposes of sentencing, okay?
>
> DEFENDANT: Yes.
>
> THE COURT: Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: *So the maximum penalty you're looking at on this case is between two to eight years; do you understand that*?
>
> THE DEFENDANT: Yes.

(Emphasis added.)

{¶6} At appellant's sentencing hearing, defense counsel indicated that "there is no question that [all three counts] are allied offenses of similar import." The state responded:

> Your Honor, the State would dispute that. And, furthermore, there was no — I guess there was no agreement between the parties at the time that they would merge, and the State would dispute that they are allied offenses and * * * I would dispute that they would have to run concurrent.

The court imposed maximum, consecutive sentences and ordered appellant to serve an aggregate sentence of 21 years in prison in this case. Appellant moved to withdraw his guilty plea based on the representations that were made to him prior to entering the guilty

pleas. The state's attorneys averred that, to their recollection, no promises of any type of sentence had been made to induce appellant's guilty pleas.

{¶7} Crim.R. 11(C)(2) requires that the defendant enter a plea voluntarily "with understanding of the nature of the charges and of the maximum penalty involved * * *." It is clear from this record that appellant was told he faced a maximum penalty of eight years in this case. He pled guilty with that understanding. At the later sentencing hearing, the trial court imposed a 21-year prison term. Under these circumstances, appellant's plea was not knowing, intelligent, or voluntary and must be vacated.

{¶8} This assignment of error is sustained. Count 1 remains vacated and dismissed. Appellant's sentence and guilty pleas to Counts 2 and 3 in CR-532770 are vacated, and this matter is remanded to the trial court for further proceedings on Counts 2 and 3. Appellant's assignment of error pertaining to the 21-year prison sentence he received in CR-532770 is moot. Assignment of error No. 1 is sustained.

{¶9} Judgment affirmed in part and reversed in part, and cause remanded.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR