[Cite as *State v. Brunning*, 2013-Ohio-930.]

[Please see vacated opinion at 2013-Ohio-365.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95376**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LINDELL W. BRUNNING, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART,
REVERSED IN PART, REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-532822 and CR-532770

**BEFORE:** S. Gallagher, J., Kilbane, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   March 14, 2013

**ATTORNEY FOR APPELLANT**

Richard A. Neff
614 W. Superior Avenue
The Rockefeller Building
Suite 1300
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: T. Allan Regas
        Daniel T. Van
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

ON RECONSIDERATION[1]

SEAN C. GALLAGHER, J.:

{¶1} This cause is before us on remand from the Ohio Supreme Court for further review of our decision released April 21, 2011,[2] in view of the Court's recent decision in *State v. Brunning*, Slip Opinion No. 2012-Ohio-5752. The Ohio Supreme Court, having partially reversed our judgment in this case, has remanded it to us with instructions to consider issues that were previously rendered moot, which included appellant's first assignment of error and challenges to the sentence imposed on him in Cuyahoga C.P. No. CR-532770. For the reasons that follow, we sustain appellant's first assignment of error, find the issue raised regarding his sentence in that case still moot, and reverse and remand CR-532770 to the trial court for further proceedings on Counts 2 and 3.

{¶2} In his first assignment of error, appellant alleged:

(a) The defendant-appellant's guilty plea was not knowingly and voluntarily entered into since it was conditioned on false promises made by the state and the trial court.

---

[1] The original decision in this appeal, *State v. Brunning*, 8th Dist. No. 95376, 2013-Ohio-365, released February 7, 2013, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

[2] *State v. Brunning,* 8th Dist. No. 95376, 2011-Ohio-1936.

(b) The trial court erred when it failed to merge the offenses in case 10-CR-532770 for sentencing.

{¶3} In Cuyahoga C.P. No. CR-532770, appellant was charged with three offenses: (1) failure to verify address (R.C. 2950.06); (2) failure to provide notice of change of address (R.C. 2905.05(E)(1));[3] and (3) tampering with records (R.C. 2913.42).

{¶4} The indictment charged appellant with violations under the version of the law known as the Adam Walsh Act ("AWA"). It is undisputed that appellant is an offender who is not subject to reclassification under the AWA, and the vacation of appellant's conviction for a violation of R.C. 2950.06, as alleged in Count 1 of the indictment, has been affirmed. *Brunning*, 2012-Ohio-5752, ¶ 15. However, the Ohio Supreme Court has determined that appellant can still face charges for a violation of R.C. 2913.42 and he may also face charges for violating R.C. 2950.05 by reverting back to the version of that statutory provision that existed pre-AWA and "the applicable penalty provision for such convictions is that contained in former R.C. 2950.99, as held in * * * *State v. Howard*, ___ Ohio St.3d ___, 2012-Ohio-5738, ___ N.E.2d ___."[4] *Brunning* at ¶ 31. Therefore, although appellant was indicted and pled guilty to a second-degree felony under Count 2,

---

[3] "The statute was misnumbered in the indictment — it should have read R.C. 2905.05(F)(1)." *State v. Brunning*, Slip Opinion No. 2012-Ohio-5752, ¶ 5.

[4] "[F]or a defendant whose sex-offender classification was determined under Megan's Law, the penalty for a violation of the reporting requirements of former R.C. 2950.05 that occurs after Megan's Law was supplanted by the AWA is the penalty set forth in the version of R.C. 2950.99 in place just before the effective date of the AWA."

this offense is actually a third-degree felony under the version of the law that is applicable to him.  *See* former R.C. 2950.99(A)(1)(a)(I).

**{¶5}** At the plea hearing, the state indicated that appellant would plead guilty to all three offenses.   Additionally, the state further represented that "[f]or purposes of this plea agreement, the state will agree that all of those counts would merge for sentencing purposes."   During the plea colloquy, the trial court advised appellant as follows:

> THE COURT:   Now, the prosecutor put on the record, and *the state and the defense lawyer agreed*, that these three counts *will all merge* for purposes of sentencing, okay?
>
> DEFENDANT:   Yes.
>
> THE COURT:    Do you understand that?
>
> THE DEFENDANT:    Yes.
>
> THE COURT:   *So the maximum penalty you're looking at on this case is between two to eight years; do you understand that*?
>
> THE DEFENDANT:    Yes.

(Emphasis added.)

**{¶6}** At appellant's sentencing hearing, defense counsel indicated that "there is no question that [all three counts] are allied offenses of similar import."   The state responded:

> Your Honor, the State would dispute that.   And, furthermore, there was no — I guess there was no agreement between the parties at the time that they would merge, and the State would dispute that they are allied offenses and * * * I would dispute that they would have to run concurrent.

The court imposed maximum, consecutive sentences and ordered appellant to serve an aggregate sentence of 21 years in prison in this case. Appellant moved to withdraw his guilty plea based on the representations that were made to him prior to entering the guilty pleas. The state's attorneys averred that, to their recollection, no promises of any type of sentence had been made to induce appellant's guilty pleas.

{¶7} Crim.R. 11(C)(2) requires that the defendant enter a plea voluntarily "with understanding of the nature of the charges and of the maximum penalty involved * * *." The Ohio Supreme Court has directed that "the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 26. The decision to enter a plea is serious. *Id*. at ¶ 25. "The exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted unless the defendant is fully informed of the consequences of his or her plea." *Id*.

{¶8} It is clear from this record that appellant was told the counts would merge for sentencing and he faced a maximum penalty of eight years in this case. He pled guilty with that understanding. At the later sentencing hearing, the trial court imposed a 21-year prison term. Under these circumstances, appellant's plea was not knowing, intelligent, or voluntary and was invalid.

{¶9} We recognize that when the state breaches a plea agreement, the defendant has the option to withdraw his plea or seek specific performance. *State ex rel. Seikbert v.*

*Wilkinson*, 69 Ohio St.3d 489, 491, 633 N.E.2d 1128 (1994). However, this case presents some concerns with ordering specific enforcement at this point without further advisement to defendant. Primarily, we note that one charge the defendant previously pled guilty to has been vacated and another has changed in degree. While the trial court properly advised the defendant of the maximum penalty that was associated with each charge he faced at the time he entered his plea, that information is no longer accurate. Quite simply, the maximum penalty he now faces (if the offenses are deemed allied and merged) is not eight years as he was previously informed. This case is no longer a straightforward matter of enforcing an agreement as to allied offenses of similar import as was the case in *State v. Hendrickson*, 3d Dist. No. 14-01-29, 2002 Ohio App. LEXIS 613 (Feb. 15, 2002).

{¶10} At the time defendant entered his plea, he was charged with, and pled guilty to, two second-degree felonies and a third-degree felony. On appeal, the charges against him were vacated and dismissed. Upon further appeal, the Ohio Supreme Court clarified the law to provide that defendant cannot be charged with violating the AWA but he can be charged with violating previous versions of the law. This essentially resulted in two of the charges being reinstated against defendant, with one being reduced in its felony level. Despite these irregularities, the state urges us to order specific performance of the initial plea.[5] The state agrees that defendant can still enforce its promise that the counts

---

[5] The trial court advised defendant he faced a maximum penalty of eight years on Count 2, which could not now be imposed as a matter of law. The state contends this should not matter because it presumes defendant would still want to proceed with the guilty plea where lesser penalties

at issue would be merged for purposes of sentencing, which the trial court did agree to at the time of defendant's plea. Defendant very well may wish to enforce his plea, but it must be modified to comport with the Ohio's Supreme Court's decision in his case. The plea advised him of potential penalties that are no longer applicable, and due process entitles him to reconsider the plea with advisement of the consequences that will now apply.

{¶11} Accordingly, this assignment of error is sustained. Count 1 remains vacated and dismissed. Appellant's sentences on Counts 2 and 3 in CR-532770 are vacated, and this matter is remanded to the trial court for further proceedings to advise defendant of the potential consequences of his guilty plea to Counts 2 and 3 under the existing state of the law. After defendant is informed of the consequences of a guilty plea to Counts 2 and 3, defendant shall elect whether he wishes to pursue specific performance of the plea, including the agreement that Counts 2 and 3 be treated as allied offenses and merged for sentencing, or whether he wishes to have his plea vacated.

{¶12} Appellant's assignment of error pertaining to the 21-year prison sentence he received in CR-532770 is moot. Assignment of error No. 1 is sustained.

{¶13} Judgment affirmed in part and reversed in part, and cause remanded.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

would apply. The state has not presented any authority for our consideration where specific performance of a plea agreement was enforced under these circumstances.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR