[Cite as *State v. Maltos*, 2022-Ohio-4307.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

STATE OF OHIO                                    COURT OF APPEALS NO. {39}H-22-002
                                                                        {39}H-22-004
APPELLANT

                                                 TRIAL COURT NO. CRI 2017-0477
V.                                                                  CRI 2018-0050

SEFERINO J. MALTOS

APPELLEE

                                                 **DECISION AND JUDGMENT**

                                                 Decided:  December 2, 2022

                              * * * * *

James Joel Sitterly, Huron County Prosecuting Attorney,
for appellee.

Seferino J. Maltos, pro se.
                              * * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Seferino Maltos, pro se, appeals the March 8, 2022

judgment of the Huron County Court of Common Pleas which denied his post-sentence

motion to withdraw his plea. Because we find no manifest injustice warranting relief, we affirm.

## I. Factual Background

{¶ 2} In two consolidated cases,[1] appellant entered pleas of guilty to aggravated drug trafficking, weapons under a disability, drug possession, and possession of criminal tools. At the June 28, 2018 plea hearing, an extended discussion was had regarding the return of non-contraband items that were located in appellant's vehicle, which was subject to forfeiture, and from a safe recovered from appellant's house pursuant to a search warrant. Specifically, the state indicated that as part of the plea agreement "[it] would agree to return the sound system from the vehicle along with jewelry that was seized from the safe that was involved."

{¶ 3} After further discussion, it was clarified that the items from the vehicle to be returned also included sunglasses, cologne, and other personal items. The state agreed but noted that it could not warrant the condition of the items after being in the state's possession for a year. The June 29, 2018 plea form, signed by appellant and filed in case No. CRI 20170477 stated, in relevant part:

> Upon agreement of the parties, the jewelry and speakers which are
> located in the forfeited vehicle shall be released to Defendant upon payment
> of any and all towing and storage fees. Defendant shall show proof of

---

[1]A third case, charging appellant with failure to appear, was dismissed by agreement of the parties.

2.

identity and the agency holding said vehicle shall immediately and without further Order release the stated items to Defendant or his designee.[2]

{¶ 4} Appellant was sentenced on July 5, 2018. As to aggravated trafficking in drugs and having weapons under a disability, he received 24 month sentences and as to possession of drugs and possessing criminal tools he received 11 month sentences. The sentences for aggravated trafficking and weapons under disability and possessing criminal tools were ordered to be served consecutively, for 59 months, to be served concurrent to the possessing criminal tools charge. Forfeiture specifications were attached to the aggravated trafficking, possession of drugs, and possessing criminal tools counts. On August 30, 2018, a notice was filed that appellant's vehicle had been forfeited and was in the possession of the Willard Police Department.

{¶ 5} On February 25, 2019, appellant sent a letter to the court asking that the jewelry recovered from the safe be returned to his family. On January 31, 2022, appellant filed a pro se motion for judicial release and a separate motion to withdraw his guilty plea arguing that the state breached the plea agreement because it would not return the items it was contractually obligated to return. Alternatively, appellant requested specific performance of the agreement. In response, the state argued that appellant, under the standard for the post-sentence withdrawal of a plea, had failed to demonstrate a manifest miscarriage of justice. The state attached a release completed by the Willard

---

[2]The plea form filed in case No. CRI 20180050, made no reference to the return of non-contraband items.

3.

Police Department which shows that the speakers from appellant's forfeited vehicle were released to a Jose Ramirez (purportedly, appellant's brother) in August 2018. The state further indicated:

> The jewelry that was required to be returned to the defendant is still in the custody of the Huron County Sheriff's Office. In accordance with the policy of the Huron County Sheriff's Office, any seized or held property may not be returned to anyone other than the rightful owner without a Court Order or some formal document from the rightful owner such as a notarized release that permits the release or property to a designee. No one has come to the Sheriff's Office on behalf of the defendant requesting the return of the jewelry, nor has anyone come to the Sheriff's Office on behalf of the defendant requesting the return of the jewelry, nor has anyone provided a document that would permit the release of the property to anyone other than the defendant.

The state made no mention of the sunglasses, cologne, or other personal items that were located in the forfeited vehicle. The trial court summarily denied the motion. This appeal followed

## II. Assignment of Error

Assignment of Error No. 1: When the state breaches a specific performance contractual plea agreement, State v. Brunning, 2013 Ohio 930, at: HN3, the defendant has the option of either: (1) withdrawing his plea;

or, (2) seeking specific performance. <u>see</u>: <u>State ex rel. Seibert v. Wilkinson</u>, 69 Ohio St. 3d 489, 491; and, <u>Santobello v. New York</u>, 404 U.S. 257, 261 (1971).

<u>see</u> <u>also</u>:

<u>State v. Adams</u>, 2014 Ohio 724, 8 N.E. 3d 984;

<u>State v. Vari</u>, 7th Dist. No. 07MA142, 2021 Ohio 1300, ¶19; and,

<u>State v. Houston</u>, 2019 Ohio 355 (8th Dist.), at: HN1.

### III. Discussion

**{¶ 6}** Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." On a motion to withdraw a plea after sentencing, a defendant has the burden to show the existence of a manifest injustice. *State v. Hall*, 6th Dist. Wood No. WD-19-084, 2021-Ohio-983, ¶ 6, *appeal not allowed*, 163 Ohio St.3d 1493, 2021-Ohio-2270, 169 N.E.3d 1280, citing *State v. Davis*, 2020-Ohio-4539, 159 N.E.3d 331, ¶ 20 (6th Dist.). A defendant must also demonstrate that the matter is not barred by res judicata. *State v. Cain*, 6th Dist. Lucas No. L-20-1126, 2021-Ohio-1841, ¶ 11

**{¶ 7}** A "manifest injustice" has been described as a "'clear or openly unjust act'" or "'an extraordinary and fundamental flaw in the plea proceeding[s].'" *State v. Reznickcheck*, 6th Dist. Lucas Nos. L-04-1029, L-04-1030, 2004-Ohio-4801, ¶ 11,

5.

quoting, respectively, *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998) and *State v. Lintner*, 7th Dist. Carroll No. 732, 2001WL 1126654, *3 (Sept. 21, 2001). "The decision of whether manifest injustice occurred is left to the sound discretion of the trial court." *Davis* at ¶ 20, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. Thus, we review the trial court's denial of appellant's post-sentence motion to withdraw his guilty plea under an abuse of discretion standard. *Davis* at ¶ 21. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 8} In addition, although there are no express time limits set forth in Crim.R. 32.1 regarding a post-sentence motion to withdraw a plea, a court may consider "undue delay" between the basis for the request and the filing of the motion as evidence of the credibility of the arguments. *Reznickcheck* at ¶ 8, citing *Smith*, *supra*, at paragraph three of the syllabus.

{¶ 9} Turning to the merits of appellant's appeal, we agree that "[w]hen a prosecutor induces a defendant to plead guilty based upon certain promises, the prosecutor has a duty to keep those promises." *State v. Simpson*, 158 Ohio App.3d 441, 2004-Ohio-4690, 816 N.E.2d 609, ¶ 14 (2d Dist.), citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Upon a breach of the agreement, the defendant is entitled to either specific performance by the state or withdrawal of the plea. *Id.* See *State v. Kocak*, 2016-Ohio-8483, 79 N.E.3d 127, ¶ 30 (7th Dist.); *State v. Liles*,

6.

3d Dist. Allen No. 1-14-61, 2015-Ohio-3093, ¶ 11. "To determine whether a breach of a plea agreement has occurred, courts examine what the parties reasonably understood at the time the defendant entered his guilty plea." *State v. Collins*, 8th Dist. Cuyahoga Nos. 106590, 107341, 2019-Ohio-249, ¶ 17.

{¶ 10} Appellant relies on an Eighth Appellate District case involving the state's representation at the plea hearing that all three counts relating to the defendant's failure to register as a sex-offender were allied and would merge for purposes of sentencing and that he faced a maximum sentence of eight years. *State v. Brunning*, 8th Dist. Cuyahoga No. 95376, 2013-Ohio-930 ¶ 5. At sentencing, the state disputed any agreement regarding merger of the charges and appellant was sentenced to a maximum, consecutive sentence of 21 years in prison. *Id.* at ¶ 6. Reversing the lower court, the court found that the state clearly breached the plea agreement. This fact, and the fact that the Supreme Court of Ohio had modified the charges available to the state, required that the plea be vacated. *Id.* at ¶ 10-11.

{¶ 11} The obvious manifest injustice in *Brunning*, does not exist under the present facts. As set forth above, appellant's motion to withdraw his guilty plea first argued that the agreement of the parties, as discussed on the record at the plea hearing, was not memorialized in the signed plea agreement. Reviewing the agreement, we note that it does reference the return of jewelry and speakers to defendant or his designee upon proof of identity. Appellant further argued that the state failed to return any of the agreed-upon items. In response, the state indicated that the speakers were, in fact,

7.

returned to appellant's brother and that the jewelry was still in possession of the Huron County Sheriff's Office and that the procedure for its return had not been followed.

{¶ 12} Before this court, appellant first argues that the state "has made no effort or attempt to return those items of personal property to appellant or his family" despite knowledge of his address and the family's address. His reply brief asserts that the state was required to return the property upon the court's acceptance of the plea and that he "has repeatedly has sent family and friends to retrieve the ['court ordered property']" and that "appellee patently refused to relinquish that property." Appellant attached a power of attorney he executed in favor of Jose Ramirez, in 2020, for the purpose of retrieving the confiscated items. There is no evidence of Ramirez's actual attempts to retrieve the items.

{¶ 13} Conversely, the state argues, as it did in the trial court, that a family member had received some of his property (the speakers) and that appellant has failed to substantiate his claim that the state refused to return the additional items. The state also suggests that appellant has the remedy of replevin to seek return of the impounded items.

{¶ 14} Reviewing appellant's arguments and the record below, it is clear that the speakers were returned in 2018, and that appellant failed to demonstrate a manifest injustice regarding the return of any additional items. Moreover, there is no evidence before us that the state refused to return the items. In fact, appellant first argues that the state should have *sent* them back to him then, following the state's response, appellant argues that they refused to return the items despite multiple, undocumented attempts.

8.

Further, we cannot ignore the fact that appellant filed the motion nearly four years after he was sentenced. If his plea was clearly conditioned on the return of the items at issue, it stands to reason that he would have promptly filed a motion in relation thereto.

{¶ 15} Based on the foregoing, we find that the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea. Appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 16} On consideration whereof, the March 8, 2022 judgment of the Huron County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Mark L. Pietrykowski, J. | [[Applied Signature]] |
| | JUDGE |
| Thomas J. Osowik, J. | [[Applied Signature 2]] |
| | JUDGE |
| Myron C. Duhart, P.J. | [[Applied Signature 3]] |
| CONCUR | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

9.