The STATE of Ohio, Appellee,

v.

SIMPSON, Appellant.

[Cite as *State v. Simpson,* 158 Ohio App.3d 441, 2004-Ohio-4690.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. 20016, 20017 and 20018.

Decided Sept. 3, 2004.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Natalia S. Harris, Assistant Prosecuting Attorney, for appellee.

Jay A. Adams, for appellant.

GRADY, Judge.

{¶ 1} Defendant, Martha Simpson, appeals from her conviction for arson and the aggregate sentence of three years that the trial court imposed for that offense and for two prior offenses after it revoked community-control sanctions that had been imposed for those offenses.

{¶ 2} Defendant's conviction for arson was entered on her plea of no contest. The plea was the product of a bargain between defendant and the state. When it accepted her plea, the court engaged in the following colloquy with defendant:

{¶ 3} "THE COURT: Now, the prosecutor has also agreed to be silent regarding the issue of sentence. The prosecutor is not going to make any statement to the court. He's going to leave it up to the court on whether to grant probation or not. Do you understand that?

{¶ 4} "MS. SIMPSON: Yes.

{¶ 5} "THE COURT: But the agreement is that if—not the agreement, but the prosecutor has said that if you are sentenced, then the prosecutor is going to recommend to the court that you receive out of all of these charges, you receive the lowest possible sentence which would be one year. That would be the recommendation of the prosecutor. Do you understand that?

{¶ 6} "MS. SIMPSON: Yes.

{¶ 7} "THE COURT: But the court is going to decide whether, if the court decides to impose a prison sentence, the court will decide whether or not to go along with the recommendation of a one-year sentence. Do you understand that?

{¶ 8} "MS. SIMPSON: Yes.

{¶ 9} "THE COURT: So that the range of possible sentence, when you put this all together, if you receive a prison sentence, the lowest possible sentence you could receive would be one year and the highest possible sentence would be three years under this plea bargain. Do you understand that?

{¶ 10} "MS. SIMPSON: Yes."

{¶ 11} When the case came on for sentencing, defendant's attorney acknowledged an understanding that the court was disposed to impose a term of incarceration, and he reminded the court that "this plea was done on the recommendation from the state for a one-year maximum." The prosecuting attorney expressed no recommendation at all, however. The court then imposed the maximum available term of three years. Defendant filed a timely notice of appeal.

## Assignment of Error

{¶ 12} "The trial court as well as the state of Ohio violated the constitutional rights of the appellant when the plea agreement was not honored."

{¶ 13} Defendant argues that her conviction should be reversed because the state breached the plea agreement when it failed to perform on its promise to recommend at sentencing that defendant receive an aggregate sentence of but one year on all of her pending cases.

{¶ 14} When a prosecutor induces a defendant to plead guilty based upon certain promises, the prosecutor has a duty to keep those promises. *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; *State v. Quinn* (Oct. 24, 2003), Miami App. No. 02–CA–54, 2003-Ohio-5743, 2003 WL 22429483. Therefore, when the prosecutor remained silent at the sentencing hearing and did not recommend that defendant receive an aggregate sentence of but one year, the state failed to perform on its promise and thereby breached the plea agreement. Under those circumstances the trial court ordinarily should either require specific performance by the state or allow defendant to withdraw the plea. *Id.*

{¶ 15} The technical breach of promise notwithstanding, we see no basis to reverse. The court, as evidenced by its own statements at the plea colloquy, was fully aware of the state's promised recommendation. Further, defendant's counsel reminded the court of the promise at sentencing, before sentence was imposed. Therefore, the record reflects that when it imposed its sentence, the court did so with a full understanding of the position of the state with respect to a sentence.

{¶ 16} Implicit in any finding of prejudice, and necessary to that finding, is an inference that the prosecutor's failure to perform on the state's promise demonstrates that the state's position concerning the sentence the court should impose had changed, possibly as the result of information in the three presentence investigation reports that were prepared for the court. However, the inference is not one that is reasonable. Had the state's position changed, it is more likely that the state would have said so. Indeed, the more likely reason for the prosecutor's silence appears to be that the court, having been reminded of the state's position on the matter of a sentence, simply acted on that understanding and failed to call on the prosecutor to repeat the recommendation.

{¶ 17} The state would have done better to express its recommendation, as it had promised it would. But, on this record, the defendant suffered no prejudice on account of the state's failure. Any error on the court's part in imposing the sentence is therefore harmless.

{¶ 18} The assignment of error is overruled. The judgment of the trial court will be affirmed.

Judgment affirmed.

BROGAN and FREDERICK N. YOUNG, JJ., concur.