NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0712n.06

No. 10-6510

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Oct 13, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellee, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| v. | ) | |
| | ) | |
| DARRYL K. STEVENSON, | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Before: MOORE, GRIFFIN and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant Darryl K. Stevenson (Stevenson) appeals the twenty-four month consecutive sentence imposed upon the revocation of his supervised release. He challenges the sentence as procedurally unreasonable, asserting that the district court failed to appreciate that it had discretion to impose a concurrent sentence. We **REMAND** for resentencing.

**I**

Stevenson was charged with and pleaded guilty of two counts of bank fraud and aiding and abetting in violation of 18 U.S.C. § 1344 and § 2. He was sentenced on September 27, 2005, to forty-five months' imprisonment and five years' supervised release. His period of supervised release commenced on March 27, 2008.

On September 9, 2009, Stevenson's probation officer petitioned for and obtained an arrest warrant based on the probation officer's assertion that Stevenson had violated six conditions of his

supervised release, viz., that Stevenson (1) "left the Western District of Tennessee, traveling to Nashville, Tennessee on or about March 22, 2009, without the permission of the probation officer"; (2) "failed to submit monthly written reports for the months of April 2009 thru August 2009"; (3) "moved from his residence . . . on or about May 13, 2009, without informing the probation officer of his change of residence within the required period, or advising of his present address"; (4) "signed a Voluntary Admission of Drug or Alcohol Use form on February 17, 2009 admitting to possessing and using Crack Cocaine on or about February 14, 2009 . . . . [and] possessed and used Cocaine on or about April 8, 2009, as evidenced by the results of a drug screen administered in the United States Probation Office on the above date"; (5) missed substance abuse group sessions "on April 18, 2009, May 2, 2009, and May 16, 2009" and "failed to submit to drug screening on" nine separate dates between May and August 2009; and (6) failed to make payments toward restitution since February 19, 2009.

On January 7, 2010, Stevenson's probation officer filed an amended petition in which he listed an additional violation of supervised release – on September 15, 2009, Stevenson pleaded guilty of three counts of "Forgery of a Check by Possession, Forgery of a Check by Passing" and two counts of "Theft of Property Under $500" in a Tennessee state court and was sentenced to time served (thirty-seven days) and "a forfeiture of the money seized."

At the hearing on the supervised-release violations, Stevenson admitted the violations in the amended petition and pleaded guilty. The parties did not dispute that Stevenson's Guidelines range was twenty-one to twenty-seven months. After hearing from both parties, the district court sentenced

Stevenson to twenty-four months' imprisonment, to be served consecutively to any state term that he was serving.[1]

## II

Stevenson claims that his sentence was procedurally unreasonable because the district court (1) failed to consider his arguments regarding health and cost issues; (2) failed to adequately address his request for halfway-house placement and inpatient treatment; and (3) effectively treated the Guidelines as mandatory and failed to adequately explain its decision to impose a consecutive sentence.

This court reviews the sentence imposed by a district court upon revocation of supervised release for abuse of discretion. *United States v. Johnson*, 640 F.3d 195, 201 (6th Cir. 2011). Sentences imposed following revocation of supervised release are reviewed under the same standard as sentences imposed following the original conviction. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). A sentence is procedurally unreasonable "if the district court d[id] not calculate the Guidelines range or calculate[d] it improperly, treat[ed] the Guidelines as mandatory, fail[ed] to consider the factors in 18 U.S.C. § 3553(a), select[ed] a sentence based on clearly erroneous facts, or [gave] an inadequate explanation for the sentence." *United States v. Jones*, 641 F.3d 706, 711 (6th Cir. 2011). Within-Guidelines sentences are afforded a rebuttable presumption of reasonableness upon review. *See United States v. Christman*, 607 F.3d 1110, 1118 (6th Cir. 2010).

---

[1]Stevenson had pleaded guilty of one count of theft of property under $500 and one count of forgery in March 2010, in a different state case, and was serving the sentence for these offenses at the time of sentencing in the instant case. Because the crimes occurred after the amended petition was filed, they were not listed as grounds for an additional violation.

**A. Stevenson's Arguments Concerning Health and Cost Issues, Halfway House Placement, and Inpatient Treatment**[2]

"[A] sentencing judge is not required to explicitly address every mitigating argument that a defendant makes, particularly when those arguments are raised only in passing." *United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008). Even when a "defendant presents an arguably nonfrivolous reason for imposing a sentence below the Guidelines range, the judge is not always required to address the specific argument." *Id.* However, the district court "must still 'satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" *Id.* at 612 (citation omitted).

Here, the district court considered Stevenson's arguments regarding health and cost issues, halfway-house placement and inpatient treatment, and articulated a reasoned basis for rejecting these arguments.

Stevenson's counsel advised the district court that Stevenson's son died in January 2009, and the violations took place shortly thereafter. She also stated that Stevenson had AIDS, that he was at increased risk of infection while in custody, and was having difficulty getting all his medications while serving the state sentence. She acknowledged that Stevenson's health was "relatively stable" although he did "have a cold." Counsel noted that Stevenson would be homeless once released from state custody. She then stated:

> In light of that, what we are going to ask for is that, once he is released from state custody, that he be placed in some form of transitional housing, perhaps a halfway house with the federal system for a little while. He receives Social Security disability, so he has a little bit of income to give him enough time to find a place to

---

[2]Even though Stevenson did not object following sentencing, the district court neglected to ask the parties the *Bostic* question, and therefore plain-error review does not apply.

live.  Once he finds a place to live, he can transition out of a halfway house or whatever transitional program he's in.  And we would ask for one year of home confinement to include intensive substance abuse treatment, long term, more than just intensive outpatient, perhaps an inpatient treatment facility would be appropriate in this case.  I don't know what particular resources out there are available to people who have full-blown AIDS or HIV positive, but we think that would be appropriate, assuming he's still to where he can function and in decent health when he gets out, which we don't know at this point what his condition will be.

The district court responded:

> Well, Ms. Darker, you made a lot of suggestions, and I can understand some of what you are requesting.  I'm just not sure how to implement all of this.  You know, even when Mr. Stevenson's released from state custody, to place him in a halfway house and year of home confinement and inpatient treatment; well, one, I mean you said he doesn't have anywhere to live at this point.
> . . . .
> As far as the halfway houses are concerned, I know there are restrictions on those, the fact that he may be HIV positive could be a problem as far as him being accepted into various halfway houses.  And then the inpatient treatment, how are we going to pay for it?

Counsel responded that she thought Stevenson's probation officer had "some connection with inpatient facilities and perhaps [could] help find one."  The district court asked the probation officer whether he had anything to add on the issue.  The probation officer replied:

> Mr. Stevenson, I want to say he was denied parole in January of this year.  He's actually had a parole hearing – well, actually he had a parole hearing in July of this year.  He was – actually his sentence ends December 4th of next year.  I am aware of – I actually didn't receive Mr. Stevenson's case until March is when I was assigned to him after his son passed away.  I am sympathetic to what occurred, but he went – I don't know to use that as – that he went so far over the edge as a – I don't want to say that was a disservice to his son's honor or his son's death.  I think that he's best suited with a custody sentence at this point and to receive the treatment inside an institutional setting.  I think he poses a risk if he is allowed to go back into the community based upon the lifestyle that he lives and  has exhibited as recorded in the violations itself.

The district court then stated:

Well, obviously, Mr. Stevenson, on behalf of the court and everyone involved with the court system, we are very sorry for the loss of your son. I know that's got to be the most traumatic thing that any person can deal with, and my sympathy goes out to you and to your family for what occurred.

Having said that, when I look at the violations that you committed and that you've admitted to committing, we are talking about forgery, we are talking about theft of property, we are talking about drug usage, we are talking about attempts to place you in treatment programs that failed. And quite frankly, Mr. Stevenson, I don't have a lot of options. I just don't have a lot of choices that I can pick from. Occasionally there are other options, but in a case like yours when the violations are as many violations as you have and the severity of the violations, I have to consider that and look at the safety of the community and whether you pose a threat to the community or to yourself as far as that goes. And oftentimes the only alternative that appears to be reasonable under all of the circumstances is incarceration. It's not a good option in many, many ways, but sometimes it is the only option that we really have to try to deal with someone like yourself who has been incarcerated and then released and placed on supervised release with the hope that you will be able to get your life in order and stay out of trouble. And sometimes that works, and sometimes it doesn't work. But there are – we've got a total of seven different violations that you committed, but the ones that stand out obviously to me are the conviction that you received for forgery and theft of property as well as the drug usage and the fact that you apparently were given the opportunity to at least try to participate in a drug program that might have helped to some degree. I don't know whether it would have or not, but at least it was an attempt to try to help, and you were unwilling or unable – maybe it was a combination of the two – to stay involved in the program and meet the requirements so that you could stay involved in the program, so as such, it was terminated.

So, based upon all of that, I really don't think that the court has any choice in this case but to order an additional period of confinement. I wish I thought that it was going to be beneficial to Mr. Stevenson personally in that there would be something that would be offered within the facility that would affect his behavior and maybe help him to get on a straighter track, but I don't know that that's going to happen either.

. . . .

Again, Mr. Stevenson, I wish I had some other options sometime that I could pick and choose from, but in your case, I just don't see that there are any others that would reasonably be expected to be successful. So that will be the sentence of the court.

6

Based on the colloquy as a whole, it is clear that the district court attempted to address all Stevenson's arguments for imposing a sentence below the Guidelines range, that it considered these arguments, and that it had a reasoned basis for deciding to impose a twenty-four month sentence. Thus, Stevenson cannot prevail on his claim that his sentence was procedurally unreasonable because the district court failed to consider some of his arguments.

**B. Treatment of Guidelines as Mandatory and Failure to Explain Decision to Impose Consecutive Sentence**

Stevenson argues that the district court effectively treated the Guidelines as mandatory and failed to adequately explain its decision to impose a consecutive sentence. He asserts that the district court wrongly concluded that because the undischarged sentence was for a state violation, the Bureau of Prisons would likely not honor a recommendation by the district court that the sentences be concurrent. Stevenson asserts that the district court neither mentioned nor considered U.S.S.G. § 5G1.3(c), which authorizes imposition of a concurrent, partially concurrent, or consecutive sentence, and sets forth factors a sentencing court should consider in making that determination.

**1.**

United States Sentencing Guidelines section 5G1.3(c) provides:

> Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment
>
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Seemingly in conflict, U.S.S.G. § 7B1.3(f) provides:

> (f) Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of

imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In a recent case involving issues similar to those presented here, *United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011), the defendant argued that the district court failed to consider U.S.S.G. § 5G1.3(c) and its commentary in sentencing him for a supervised-release violation. The *Johnson* court made clear that notwithstanding U.S.S.G. § 7B1.3(f)'s mandate that a sentence for violation of supervised release be made consecutive to any sentence then being served, a sentencing court retains discretion to impose a concurrent sentence for a supervised-release violation:

> Johnson also argues that his sentence is procedurally unreasonable because the district court failed to provide reasons for imposing a consecutive rather than concurrent sentence . . . .
>
> When a defendant is subject to an undischarged sentence of imprisonment, the district court generally has authority to impose a term of imprisonment on the current offense to run concurrently with or consecutively to the prior undischarged term. 18 U.S.C. § 3584(a). Exercise of that authority, however, is predicated on the district court's consideration of the factors listed in 18 U.S.C. § 3553(a), including any applicable Guidelines or policy statements issued by the Sentencing Commission. 18 U.S.C. § 3584(b). Specifically, when imposing sentence upon revocation of supervised release, the policy statement in U.S.S.G. § 7B1.3(f) provides that [any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving.]
>
> This policy statement is not binding on the district court, and construing it to be mandatory would be reversible error. *See United States v. Sparks*, 19 F.3d 1099, 1101-02 & n.3 (6th Cir. 1994). Nonetheless, the district court must consider § 7B1.3(f) when it is applicable and may exercise its discretion to apply it when determining whether to impose a consecutive sentence. *Id.* at 1102; *see United States v. Balli-Solis*, No. 09-5238, 2010 WL 3724605, at *6-7 (6th Cir. Sept. 15, 2010) (unpublished opinion); *United States v. Olivo*, 127 Fed. Appx. 880, 882-83 (6th Cir. 2005) (unpublished opinion).
>
> When sentencing Johnson, the district court properly noted that it "ha[d] the discretion to make the sentence run concurrent or consecutive" and then exercised

that discretion to order that the federal sentence be served consecutively to Johnson's state sentence. Sent. Tr. at 16. The district court's determination of the length of Johnson's sentence and his decision to impose the sentence consecutively to the undischarged state sentence were intertwined. As required by § 3584(b), the district court indicated that it believed a consecutive sentence to be appropriate in light of several § 3553(a) factors. 18 U.S.C. § 3584(a), (b). There is no requirement that the district court state a "specific reason" for a consecutive sentence, and the relevant Guidelines and policy statements presume that multiple terms of imprisonment imposed at different times are consecutive. U.S.S.G. § 7B1.3(f); 18 U.S.C. § 3584(a); *United States v. McCree*, 299 Fed. Appx. 481, 483 (6th Cir. 2008) (unpublished opinion). "Where, as here, the court makes *generally* clear the rationale under which it has imposed the consecutive sentence . . . , it does not abuse its discretion." *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998) (emphasis added). We are therefore satisfied that the district court did not abuse its discretion in imposing a consecutive sentence.

*Johnson*, 640 F.3d at 208-09.

**2.**

At the conclusion of Stevenson's sentencing hearing, defense counsel asked the district court

to impose a concurrent sentence, and the following colloquy ensued:

> [DEFENSE COUNSEL]: And also, if Your Honor could clarify, we would like to request that the sentence be concurrent to his undischarged remaining state time.

> THE COURT: Well, if he's serving his time now on the state charge, then I can't really make it concurrent. I mean I can order it, but the Bureau of Prisons is not going to treat it that way.

> [DEFENSE COUNSEL]: I believe you can. I could be wrong, but I think you actually can.

> THE COURT: Mr. Walker?

> PROBATION OFFICER: To my knowledge, I agree with the court, it has to follow the state sentence.

> THE COURT: I don't think that – I don't think that under these circumstances, Ms. Darker [defense counsel] – I mean obviously I could make it part of the order, but I don't think the Bureau of Prisons is required to abide by it. They are the ones that

calculate the actual sentence that's going to be served and whether he gets credit for any previous time.

[DEFENSE COUNSEL]: Can I have one second to check the guidelines?
. . . .

PROBATION OFFICER: Under 7B1.1, it says, it is the policy of the commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation.

THE COURT: Tell me where you are looking again.

PROBATION OFFICER: 7B1.1, the introductory commentary.

THE COURT: I don't think there has been any change in that. 7B1.1 point what, 1?

PROBATION OFFICER: Yes, sir, in the introductory comment, the third paragraph.

[DEFENSE COUNSEL]: It says, may order terms of imprisonment to be served consecutively or concurrently to an undischarged term of imprisonment, and then it states what the commission policy is.

THE COURT: Well, under the circumstances, Ms. Darker, I'm not going to order that it be served concurrently. I think the policy statement as I understand it from the sentencing commission is that any sentence should be consecutive. And quite frankly, again, I think the Bureau of Prisons calculates it that way. It's a federal – if it's a federal violation, then I can recommend that it be – that he be given credit, but if it's a state violation as I understand it from the Bureau of Prisons, generally they do not honor that recommendation. So I'm not going to – I'm not going to exceed the recommendations from the sentencing commission in this case. So it will be consecutive to any other state term that Mr. Stevenson is serving.

**3.**

Unlike in *Johnson,* it is not clear from the district court's remarks whether it understood it had discretion to impose a concurrent sentence. The court's statement that it would not to impose a concurrent sentence "under the circumstances," could have been referring to 1) the court's earlier expressed understanding that where the undischarged sentence is for a state violation, a sentencing

10

court cannot impose a concurrent sentence, 2) the court's earlier expressed understanding that regardless whether it imposed a concurrent sentence, the Department of Corrections would not honor it, 3) the probation officer's assertion that § 7B1.1 mandated the sentence be consecutive, or 4) the court's recognition that it had discretion to impose a concurrent sentence, but saw no reason to depart from the Guidelines' general policy in such situations. Because the procedural reasonableness of the sentence depends on our attributing the fourth meaning to the district court's explanation, and there is affirmative indication in the record that would undermine the general presumption that a district court knows and applies the law correctly, *United States v. Gale*, 468 F.3d 929, 941 (6th Cir. 2006), we must remand for resentencing.

Accordingly, we **REMAND** for resentencing.