[Cite as *State v. Torres*, 2012-Ohio-2932.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97749**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ERVIN TORRES

DEFENDANT-APPELLANT

# JUDGMENT:
# AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-526656

**BEFORE:** Kilbane, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** June 28, 2012

**APPELLANT**

Ervin Torres, pro se
Inmate #583-525
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901-0788

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Mark J. Mahoney
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1}   In this pro se appeal, defendant-appellant, Ervin Torres a.k.a. Melvin Torres, complains that the trial court erred in modifying a journal entry that imposed a concurrent sentence and in refusing to order specific performance of a sentence considered in plea proceedings.   For the reasons set forth below, we affirm.

{¶2}   On June 15, 2009, Cleveland police officers arrested defendant in connection with an alleged aggravated robbery, kidnapping, and felonious assault that occurred that day and for an unrelated alleged failure to comply with the order of a police officer on May 22, 2009.   On July 1, 2009, he was charged in connection with an alleged menacing by stalking on that same date, and was taken into custody on July 20, 2009.

{¶3}   On August 17, 2009, defendant was indicted for offenses from May 22, 2009 through July 11, 2009.   In Count 1, he was charged with failure to comply with an order of a police officer (and a furthermore clause alleging that he caused a substantial risk of physical harm).   In Counts 2 through 4, he was charged with aggravated robbery, felonious assault, and kidnapping, all  with one- and three-year firearm specifications. In Counts 5 and 6, he was charged with menacing by stalking.   Count 7 charged him with attempted burglary, Count 8 charged him with theft, and Count 9 charged him with having weapons while under disability.

{¶4} In August 2009, defendant was indicted for various offenses in the United States District Court for the Northern District of Ohio. Our record reveals that defendant was subsequently sentenced to a term of 164 months.

{¶5} On March 2, 2010, the United States District Court for the Northern District of Ohio issued a "Detainer Based on Federal Judgment and Commitment to the Cuyahoga County Sheriff and Cuyahoga County Jail" directing the following:

> Prior to the subject's release from your custody, please notify this office at once so that we may assume custody of the subject for service of his Federal sentence of imprisonment.

{¶6} Thereafter, on April 19, 2010, defendant entered into a plea agreement with the state of Ohio in the instant matter. Under the terms of the plea, the firearm specifications were deleted from Counts 2 through 4, and the defendant pled guilty to the indictment. At this time, defendant's counsel stated:

> [O]ur agreement with the prosecutor — and the prosecutor has informed the court — is that they have no objection to concurrent time.
>
> As you know, he's already doing federal time.
>
> I just want to state that, you know, that's the nature of the bargain that I hope to enforce here.
>
> THE COURT: Okay. I mean, I can order it concurrent[.]

{¶7} The trial court proceeded directly to sentencing, and defendant's trial counsel stated as follows:

> I've met several times — and I know the Court has also met — with Mr. Brian McGraw, who represents Mr.Torres in Federal Court. And throughout this thing, Judge, it was our understanding that Mr. Torres had

faced some significant charges in Federal Court, and that the resolution of this matter would be dependent upon that.

He has, in fact, resolved that matter, and he has been sentenced to 14 years in the federal penal system. Your Honor.

We would ask the court to consider * * * imposing these sentences — the sentence here concurrently, Your Honor. And that was our whole strategy in pleading in Federal Court, also, Judge.

{¶8} The trial court sentenced defendant to a total of 14 years of imprisonment and stated in court that this sentence would be served concurrently with the 14-year term imposed by the federal court. Defendant was then remanded into custody in the instant matter. The record further reveals that the trial court's journal entry failed to state that the term was to be served concurrently with the federal sentence, and on September 20, 2010, the trial court issued a nunc pro tunc entry to correct that omission.

{¶9} On October 6, 2010, defendant filed a pro se motion to withdraw his guilty plea and vacate the sentence and argued that he understood that, according to the joint federal and state plea bargain, his state sentence was to run concurrent to his federal sentence and that he would be remanded to federal custody.

{¶10} In support of this motion, defendant submitted an affidavit in which he averred that he is presently incarcerated at the Mansfield Correctional Institution, and prior to the start of that sentence, he "was already imprisoned in a federal facility[.]"

{¶11} On October 25, 2010, the trial court denied defendant's motion to withdraw his guilty plea and to vacate the sentence. On April 4, 2011, defendant filed a pro se

motion for specific performance of the plea agreement announced on April 19, 2010. On April 13, 2011, the trial court granted this motion and ordered:

> Torres has been in custody of the Ohio Department of Rehabilitation and Corrections since April 28, 2010. It does not appear that Torres was ever placed in the custody of the Federal Bureau of Prisons.
>
> The Court orders that if the Federal Bureau of Prisons wishes to incarcerate Torres, that is permissible and this case will run concurrently while Torres is incarcerated with the Federal Bureau of Prisons.
>
> Torres's term of incarceration in this case does not expire until July 16, 2023. If Torres completes his prison sentence in the Federal Bureau of Prisons for any reason prior to July 16, 2023, the Federal Bureau of Prisons is ordered to return Torres to the custody of the Ohio Department of Rehabilitation and Corrections to complete the remainder of this 14-year sentence.

{¶12} Defendant remained in state custody following the trial court's journal entry. On August 4, 2011, he filed a pro se motion to clarify his sentence. He maintained that he had been remanded into federal custody on February 26, 2010, or prior to being remanded herein. He also stated that the federal court did not order that the sentence be served concurrently with the state court sentence. Therefore, according to defendant, because he is serving the state time first, he has effectively been sentenced to 28 years, or two consecutive 14- year terms, rather than concurrent 14-year terms. In support of this claim, he included the detainer quoted above; however, this document indicates that the

defendant was in state custody as of March 2, 2010, and did not demonstrate defendant's claim that he was in federal custody as of February 26, 2010.

**{¶13}** On November 29, 2011, the trial court issued the following order:

[Defendant's state sentence] was ordered to run concurrently with his federal sentence issued by Judge Sara Lioi in *United States v. Benitez, et al.*, United States District Court for the Northern District of Ohio, Case Number 1:09-CR-00363.

On November 18, 2011, the Court spoke with a representative from the Federal Bureau of Prisons (BOP), Designation Sentence Computation Center (DSCC). Since Torres was initially taken into custody in this case on July 20, 2009, prior to being taken into custody for the federal case * * *, the State of Ohio has primary custodial status over Torres.

As a result, Torres must complete his sentence in Ohio as a result of his conviction in this case prior to being conveyed into federal custody to complete any time that may be remaining on his federal sentence.

As a result, Torres's motion for specific performance * * * and Motion to Clarify Sentence * * * are granted in part and denied in part. Torres's sentence in this case is ordered to run concurrently with the sentence in case number jurisdiction 1:09-CR-00363, But Torres's claim that he is entitled to serve his sentence as a result of his conviction in this case in a federal correctional facility is denied. This Court's journal entry issued April 13, 2011 is vacated.

**{¶14}** In defendant's two interrelated assignments of error, he complains that the trial court erred when it modified the April 13, 2011 journal entry.

**{¶15}** Generally, a plea bargain is a contract and subject to the principles of contract law. *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, at ¶ 50. Where a violation of a plea agreement is found, the remedy may be specific performance. *State v. Simpson*, 158 Ohio App.3d 441, 443, 2004-Ohio-4690, 816

N.E.2d 609 (2d Dist.), citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

{¶16} Our review of the record indicates that the sentence imposed by the trial court in this matter was ordered to be served concurrently with the time imposed by the federal district court. The record clearly demonstrates that the trial court imposed the sentence discussed by the parties at the plea hearing. The record is silent as to the location of the actual incarceration, and there is nothing in the record to establish that the defendant entered into his plea agreement solely to serve his state sentence concurrently with his federal sentence in a federal prison.

{¶17} As to whether the federal sentence was imposed concurrently with the instant sentence, we note that when "a defendant is subject to an undischarged sentence of imprisonment, the [federal] district court generally has authority to impose a term of imprisonment on the current offense to run concurrently with or consecutively to the prior undischarged term." *United States v. Stevenson*, 435 Fed.Appx. 511, 517 (6th Cir.2011), citing 18 U.S.C. 3584(a), applying United States Sentencing Guidelines section 5G1.3(c).

{¶18} As to whether a concurrent sentence will be served under the federal or state jurisdiction, the court in *State v. Yee*, 55 Ohio App.3d 88, 563 N.E.2d 54 (6th Dist.1989), explained the issue as follows:

> The Supreme Court held in *Ponzi v. Fessenden*, [258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922)], that the first court to assume jurisdiction over a person or thing may exhaust its remedy without interference by another jurisdiction. Therefore, the federal court in this case has exclusive

> jurisdiction to prosecute appellee and the state court must wait to prosecute appellee after the federal sentence is served unless the federal government consents to concurrent jurisdiction.

*Id.* at 88, fn. 2.

**{¶19}** In this matter, the trial court's journal entry indicated that the court spoke with a representative from the Federal Bureau of Prisons, Designation Sentence Computation Center and learned that Torres was initially taken into state custody in this case on July 20, 2009, prior to being taken into federal custody for the federal case, so "he must complete his sentence in Ohio as a result of his conviction in this case prior to being conveyed into federal custody to complete any time that may be *remaining* on his federal sentence." (Emphasis added.)

**{¶20}** Based on all of the foregoing, the trial court determined that the federal sentence was also a concurrent term and that the concurrent term was to be served in the state facility.

**{¶21}** The assignments of error are overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR