[Cite as *State v. Evans*, 2017-Ohio-310.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2016-CA-2 |
| | : | |
| v. | : | T.C. NO. 14CR493 |
| | : | |
| SCOTT E. EVANS, SR. | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___27th___ day of _____January_____, 2017.

. . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, 201 W. Main Street, Troy, Ohio 45373
         Attorney for Plaintiff-Appellee

JOSHUA KIN, Atty. Reg. No. 0086965, 2700 Kettering Tower, Dayton, Ohio 45423
         Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Scott E. Evans pled guilty to two counts of felony non-support of dependents, in violation of R.C. 2919.21(B).   The trial court sentenced him to 13 months in prison on each count, to be served concurrently, and ordered him to pay restitution and court costs. Evans appeals from his convictions, claiming that the State breached the plea agreement by failing to remain silent at sentencing.   For the following reasons, the trial court's

judgment will be affirmed.

## I. Factual and Procedural History

{¶ 2} On December 4, 2014, Evans was indicted for three counts of non-support of dependents, all felonies of the fourth degree. Count 1 alleged non-support between June 12, 2002 to October 31, 2014; Count 2 alleged non-support between March 20, 2013 and October 31, 2014; and Count 3 alleged non-support between March 25, 2010 to October 31, 2014.

{¶ 3} On December 21, 2015, Evans pled guilty to two counts of the indictment. The handwritten portion of the plea agreement stated: "Defendant to enter guilty pleas to counts 1 and 3 of the indictment. State will dismiss Count 2 and will not re-file said count based on dates from March 20, 2013 through December 4, 2014." With respect to his sentence, the plea agreement set forth the maximum sentence that Evans faced for each count, and it included the following preprinted language:

13. I know that the sentence I will receive is a matter solely within the discretion and control of the Judge, despite any and all recommendations made to the Court. I request leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of Guilty.

The phrase "I request leniency" was underlined in ink. However, nothing in the written plea agreement suggested that the parties had reached an agreement regarding Evans's sentence or the State's conduct at sentencing.

{¶ 4} During the plea hearing held on the same date (December 21), Evans's

counsel informed the trial court of the terms of the plea agreement, which were consistent with the written plea agreement; the prosecutor agreed with defense counsel's statement of the terms of the plea. Later in the hearing, the trial court asked Evans if he had been promised anything in exchange for his plea "other than what has been read on the record today by [defense counsel] and commented by [the prosecutor]." Evans replied, "No." When the trial court reviewed the terms of the plea with Evans, Evans indicated that he understood that one count would be "dropped," that he would plead to the other two, and that he would be sentenced at a later date. Evans also understood the possible penalties that he faced and that, if he were sentenced to prison, he could receive post-release control at the discretion of the parole board; each of these terms was part of the plea form. At the end of the Crim.R. 11 colloquy, Evans pled guilty to two counts of non-support of dependents; the trial court accepted his guilty pleas and ordered a presentence investigation.

{¶ 5} Sentencing was held on February 8, 2016. Initially, defense counsel spoke on Evans's behalf. Counsel indicated that Evans "would acknowledge that he has committed a crime here. He's failed to meet his child support obligations. He would also acknowledge that he does have a poor criminal history and has struggled with addictions to drugs and alcohol." Counsel noted that Evans was in a serious accident in July 2014 and has been sober since then, but has been unable to work and has applied for social security disability benefits. Counsel also noted that Evans had successfully completed probation the last two times that he had court supervision. Counsel asked the trial court to consider a community control sentence.

{¶ 6} Evans next spoke on his own behalf. He acknowledged to the court that he

had not met obligations, but that he had "changed all that up" and he did not want to jeopardize the progress he had made. He stated that he was active in church and that his pastor was "here to verify and I'm just hoping for probation." When the court noted that Evans's accident was in 2014 and his last payment was in 2011, Evans stated that he had been "mixed up in selfish acts" but he had "changed all that."

{¶ 7} The court asked the prosecutor if he had anything to say on behalf of the State. The prosecutor began, saying, "Thank you, Your Honor. Excuse me. The defendant is right. He has responsibilities to his children. And he hasn't made his children a priority in his life[.]"

{¶ 8} At this juncture, there was a discussion between defense counsel and the prosecutor regarding whether there was an agreement that the State would remain silent at sentencing. The prosecutor asked defense counsel, "Did we have a verbal agreement?" Defense counsel responded, "I thought we did[.]" The prosecutor replied, "If you thought we had an agreement – if you thought we had an agreement, I'm not going to say anything." The prosecutor then told the trial court, "State will remain silent, Your Honor. * * * I don't see it in the plea form, that's why I get [sic] up to make – make a statement, but [defense counsel] seems to think we had a verbal agreement, so I'm going to honor that."

{¶ 9} The trial court proceeded to sentence Evans, stating that it had "considered the statements made by Mr. Evans, as well as the statements made by his attorney," and that the court had reviewed the presentence investigation report "extensively." The court imposed prison sentences of 13 months on both counts, to be served concurrently, and ordered Evans to pay court costs and restitution in the amounts of $22,713.38 (Count 1)

and $32,294.30 (Count 3).

{¶ 10} Evans appeals from his conviction, raising one assignment of error.

## II. State's Compliance with Plea Agreement

{¶ 11} Evans's sole assignment of error states, "The trial court erred in sentencing Appellant after the prosecution violated the plea agreement to remain silent."

{¶ 12} On appeal, Evans claims that the State had agreed to remain silent at sentencing, and that the State violated that agreement at the February 8, 2016 sentencing hearing. Evans claims that, once a plea agreement is violated, prejudice is presumed unless there is specific evidence to the contrary. Evans asserts that the remedy for the State's breach is to vacate the conviction and either (1) allow Evans to be resentenced by another judge or (2) permit Evans to withdraw his guilty plea and begin anew.[1]

{¶ 13} Plea agreements are contractual in nature and are subject to contract law principles. *Smith v. Ohio Adult Parole Authority*, 2d Dist. Champaign No. 2009 CA 22, 2010-Ohio-1131, ¶ 36; *State v. Dillon*, 2d Dist. Darke No. 05 CA 1674, 2006-Ohio-4931, ¶ 21. If one party breaches the plea agreement, the remedies for the breach include the traditional contractual remedies of rescission and specific performance. *State v. Johnson*, 2d Dist. Greene No. 06 CA 43, 2007-Ohio-1743, ¶ 20, citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

{¶ 14} "When a prosecutor induces a defendant to plead guilty based upon certain

---

[1] We note that Evans did not move to stay the trial court's judgment, and the website of the Ohio Department of Rehabilitation and Correction, of which we take judicial notice, reflects that his sentence expires on February 5, 2017. *See, e.g., State v. Erdman*, 2d Dist. Montgomery No. 25814, 2014-Ohio-2997, ¶ 3 (taking judicial notice that appellant's name was not listed on the ODRC website); *State v. Money*, 2d Dist. Clark No. 2009 CA 119, 2010-Ohio-6225, ¶ 25.

promises, the prosecutor has a duty to keep those promises." *State v. Simpson*, 158 Ohio App.3d 441, 2004-Ohio-4690, 816 N.E.2d 609, ¶ 14 (2d Dist.), citing *Santobello*. "In general, '[w]hen an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled.'  Further, ' * * * it is the duty of the trial court as a trier of fact, not the prosecutor's office or the police department, to determine whether there has been compliance with a plea bargaining agreement.' " (Citations omitted.)  *State v. Zuder*, 2d Dist. Champaign No. 96-CA-11, 1997 WL 47403, * 4 (Feb. 7, 1997).

{¶ 15} Based on the record before us, Evans has not established that the plea agreement included an agreement that the State remain silent at sentencing.   The written plea agreement indicated that the parties had agreed that Evans would plead guilty to Counts 1 and 3, that Count 2 would be dismissed, and that the State would not refile the charge based on dates from March 20, 2013 through December 4, 2014.   There was nothing in the written agreement that the State had agreed to remain silent at sentencing.

{¶ 16} Moreover, the plea agreement, as stated orally at the plea hearing, also did not include an agreement that the State would remain silent at sentencing.   Defense counsel informed the court of the terms of the agreement, and those terms mirrored the written agreement.   The State agreed with defense counsel's statement of the terms, as did Evans when he was asked if he understood the terms of the plea.   No one mentioned that the State had agreed to remain silent at sentencing, and Evans expressly denied that other promises had been made to induce his plea.   Evans pled guilty to two counts of non-support of dependents based on the plea terms as set forth in the written plea agreement.

{¶ 17} Defense counsel interrupted the prosecutor's statement at sentencing based on his belief that the State had agreed to remain silent at sentencing. The prosecutor's response ("Did we have a verbal agreement?") was not an admission that such an agreement existed. Rather, the prosecutor accepted defense counsel at his word and forewent any further statement. However, given the written plea agreement, which failed to include a requirement that the State remain silent at sentencing, and the absence of any mention at the plea hearing of an obligation for the State to remain silent at sentencing, Evans has not established that such a term was part of the plea agreement.

{¶ 18} In short, Evans has failed to demonstrate that the State violated the parties' plea agreement by failing to remain silent at sentencing, because he has not established that the State had a duty, based on the plea agreement, to remain silent at sentencing. Accordingly, the trial court did not err in sentencing Evans at the February 8, 2016 hearing.

{¶ 19} Even if the parties had agreed that State would remain silent at sentencing, we would nevertheless conclude that the trial court did not err in sentencing Evans on February 8. The prosecutor's statement at sentencing consisted of "The defendant is right. He has responsibilities to his children. And he hasn't made his children a priority in his life[.]" Both defense counsel and Evans himself had already acknowledged at sentencing that Evans had failed to meet his child support obligations, and the prosecutor's short statement merely echoed that sentiment. The prosecutor did not recommend a sentence, discuss the charges to which Evans had pled or the information contained in the presentence investigation report, or suggest that the court should impose a prison sentence. In our view, the prosecutor's brief comment was not a material breach

of the plea agreement, even assuming that he was to remain silent at sentencing.

**{¶ 20}** Evans's assignment of error is overruled.

### III. Conclusion

**{¶ 21}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Paul M. Watkins
Joshua Kin
Hon. Jeannine N. Pratt